IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HERBERT L. CAMPBELL, | ) | 4:19CV3026 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| NEBRASKA COURT OF APPEALS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Herbert L. Campbell, an inmate at the Tecumseh State Correctional Institute in Tecumseh, Nebraska, filed his Complaint (Filing 1) on March 28, 2019. Plaintiff was granted leave to proceed in forma pauperis on April 22, 2019 (Filing 10), and he paid the required initial partial filing fee on May 13, 2019. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff's Complaint states he brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff claims that the sentences he is presently serving, which were imposed by the District Court of Lancaster County, Nebraska, in 2002, are void, and that he was denied due process, because no judgment of conviction was entered in accordance with law. Plaintiff demands a trial by jury and requests an award of damages and unspecified injunctive relief.

II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress

---

[1] To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

III. DISCUSSION OF CLAIM

The United States Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "He must seek federal habeas corpus relief (or appropriate state relief) instead.[2] *Wilkinson v.*

---

[2] Plaintiff has previously filed numerous habeas actions in this court to challenge his convictions and sentences. *See* Case No. 4:02CV3273 (dismissed without prejudice on January 23, 2003, for failure to exhaust state court remedies); Case 4:04CV3226 (dismissed

*Dotson*, 544 U.S. 74, 78 (2005). This line of cases establishes that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original). A § 1983 action cannot be maintained until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Because Plaintiff's convictions have not been set aside or otherwise held invalid, no cognizable claim is stated under § 1983 and this action must be dismissed for failure to state a claim upon which relief may be granted. *See Robinson v. Lancaster Cty. Court*, No. 8:18CV111, 2019 WL 1208812, at *3 (D. Neb. Mar. 14, 2019).

## IV. THREE STRIKES

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot "bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, the dismissal of the present action for failure to state a claim upon which

---

without prejudice on July 12, 2004, for failure to exhaust state court remedies); Case No. 4:05CV3081 (dismissed with prejudice on November 2, 2005); Case No. 4:08CV3092 (dismissed without prejudice on November 3, 2009, as successive petition); Case No. 8:09CV252 (dismissed without prejudice on February 25, 2010, as successive petition); Case No. 4:10CV3054 (dismissed without prejudice on April 28, 2010, as successive petition); Case No. 4:12CV3174 (petition for writ of mandamus construed as successive petition for writ of habeas corpus and dismissed without prejudice on October 2, 2012); Case No. 4:13CV3102 (dismissed without prejudice on June 3, 2013, as successive petition); Case No. 4:13CV3164 (dismissed without prejudice on September 24, 2013, as successive petition); Case No. 4:13CV3217 (dismissed without prejudice on April 8, 2014, as successive petition); and Case No. 4:15CV3110 (dismissed without prejudice on March 2, 2016, as successive petition).

relief may be granted will constitute one "strike" for purposes of the PLRA. *See Stewart v. Steenbock*, No. 8:16CV519, 2017 WL 963182, at *1 n. 2 (D. Neb. Mar. 10, 2017); *In re Jones*, 652 F.3d 36, 38-39 (D.C. Cir. 2011) (dismissal based on *Heck* is a failure to state a claim under § 1915(g) and constitutes a strike under PLRA); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) (dismissal under *Heck* is for failure to state a claim; the fact that the court provided additional reasons for dismissal of some parties did not prevent the dismissal from being counted as a strike); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (complaint dismissed under *Heck* properly dismissed for failure to state a claim).

Taking judicial notice of its own files, the court finds that Plaintiff has at least two prior qualifying dismissals (or "strikes").[3] In Case No. 4:02CV3224, *Herbert L. Campbell v. Lancaster County Police Department, et al.*, the defendants' Rule 12(b)(6) motion to dismiss was granted and the action was dismissed without prejudice as *Hicks*-barred on February 20, 2004; no appeal was taken. In Case No. 4:12CV3193, *Herbert L. Campbell v. State of Nebraska, et al.*, the action was dismissed without prejudice on initial review, as *Hicks*-barred, on September 21, 2012; no appeal was taken. This means that Plaintiff, while a prisoner, will not be permitted to proceed in forma pauperis in a federal civil action unless he is under imminent danger of serious physical injury.

## V. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. The court will not grant Plaintiff leave to amend because amendment would be futile. Any § 1983 action challenging the validity of Plaintiff's convictions and sentences is *Hicks*-barred.

Accordingly,

---

[3] Other civil actions Plaintiff has filed while a prisoner have also been dismissed at the pleading stage. *See* Case No. 4:02CV3210, *Herbert L. Campbell v. Lincoln Journal Star Newspaper, et al.*; Case No. 4:02CV3211, *Herbert L. Campbell v. State of Nebraska, et al.*; Case No. 4:03CV3381, *Herbert L. Campbell v. Omaha World Herald Newspaper Co., et al.*; Case No. 4:12CV3057, *Herbert L. Campbell v. Judge Jodi L. Nelson*; and Case No. 4:12CV3257, *Herbert L. Campbell v. Fred Britten*. The court makes no determination as to whether any of these dismissals (or any subsequent appeals) constitute "strikes."

IT IS ORDERED:

1. This case is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for issuance of summonses (Filing 4) is denied without prejudice.

3. Plaintiff's motion for issuance of subpoenas (Filing 5) is denied without prejudice.

4. Plaintiff's motion to allow taking of depositions (Filing 6) is denied without prejudice.

5. Plaintiff's (second) motion to allow taking of depositions (Filing 7) is denied without prejudice.

6. Judgment shall be entered by separate document.

DATED this 4th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge